UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EVARISTO ROSARIO          :
                          :
    v.                    :     C.A. No. 13-446S
                          :
STATE OF RHODE ISLAND     :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me is Plaintiff's Application to Appeal In Forma Pauperis ("IFP") (Document No. 9) filed pursuant to 28 U.S.C. §1915 and Fed. R. App. P. 24(a)(2). Plaintiff's prior IFP application to file this suit without prepayment of the initial case filing fee was denied because he did not "provide sufficient evidence about his finances to establish that he is unable to pay fees and costs in this matter." (Document Nos. 3 and 7).[1]

Plaintiff's present IFP application is also incomplete and again fails to establish indigency. For instance, Plaintiff disclosed in response to Question 6 that he owned assets but he did not describe any of the assets or their value as requested on the Application. He also disclosed $1,000.00 in cash on hand and a monthly commission from his insurance business but disclosed no regular monthly expenses beyond a $630.00 mortgage. Plaintiff has not provided sufficient information to the Court to determine if Plaintiff is truly indigent and unable to pay the fees and costs of his appeal.

---

[1] Plaintiff's Complaint was also reviewed on the merits and dismissed without prejudice because, "as presently drafted, it is 'frivolous,' 'fails to state a claim on which relief may be granted,' and 'seeks monetary relief against a defendant who is immune from such relief' pursuant to 28 U.S.C. § 1915(e)(2)(B)." (Document No. 3 at p. 7) (see also Document No. 7 at pp. 2-3).

Therefore, I recommend that Plaintiff's Application to Appeal IFP (Document No. 9) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 18, 2013